■ In the Matter of the Probate of the Will of FRANK HONIGMAN, Deceased. FRANK F. HONIGMAN et al., Respondents; FLORENCE HONIGMAN, Appellant.— In a probate proceeding, the widow-objectant appeals from a decree of the Surrogate's Court, Queens County, made October 7, 1959, in pursuance of an order of this court, dated July 28, 1959, which: (a) reversed the Surrogate's prior decree, dated July 31, 1957, denying probate to a paper, dated April 3, 1956, purporting to be the last will and testament of Frank Honigman, deceased, after a jury trial on the issue of testamentary capacity; and which (b) remitted the proceeding to the Surrogate's Court for the entry of a decree admitting the will to probate (Matter of Honigman, 8 A D 2d 969). The widow also appeals "from the determination of the Surrogate that the preservation" of decedent's estate "requires the issuance of restricted letters testamentary". On August 11, 1959, the widow filed a notice of appeal to the Court of Appeals from this court's said order of reversal; and such appeal is now pending. The decree presently appealed from, besides admitting the questioned document to probate as decedent's last will and testament, revoked the letters of administration previously granted to the widow and directed the issuance of "Restricted Letters Testamentary and Letters of Trusteeship * * * to the Executors and Trustees who may qualify" under said will. While the appeal is taken nominally from the entire decree, the only issue presented, argued and briefed is the propriety of its provision revoking the letters of administration and directing the issuance of the restricted letters testamentary and of trusteeship. The appeal, therefore, must be deemed to be limited to such provision. Decree, insofar as appealed from, affirmed, with costs payable out of the estate to all parties who have appeared and filed briefs. Appeal from "determination" dismissed, without costs. Such determination was, in effect, part of the Surrogate's decision which was effectuated by the decree and which was reviewed on the appeal from the decree. An appeal does not lie from a decision. The widow contends that, while her appeal to the Court of Appeals from this court's order of reversal is pending, the Surrogate lacks the power to disturb the status quo by revoking her letters of administration and issuing restricted letters testamentary and of trusteeship to others under sections 87 and 90 of the Surrogate's Court Act. She also contends that, assuming the Surrogate is empowered in the exercise of his discretion so to do, he abused his discretion. On the facts in this case, we are constrained to disagree and to hold to the contrary. Nolan, P. J., Ughetta, Pette and Brennan, JJ., concur.

■ In the Matter of the Arbitration between MOR KATZ, Appellant, and HUGO UVEGI, Respondent.— In an arbitration proceeding, the petitioner appeals from an order of the Supreme Court, Queens County, dated June 24, 1959, denying his motion to confirm an arbitrators' award and directing, inter alia, that an arbitration proceeding be conducted de novo by a new board of three arbitrators. Order affirmed, without costs. No opinion. Beldock, Acting P. J., Ughetta, Kleinfeld, Christ and Brennan, JJ., concur. [18 Misc 2d 576.]