**GULF & SOUTH AMERICAN STEAM-SHIP CO., Inc., Appellant,**

v.

**NATIONAL MARITIME UNION OF AMERICA, AFL–CIO, Appellee.**

No. 22429.

United States Court of Appeals
Fifth Circuit.

April 25, 1966.

F. A. Kullman, Samuel Lang, Richard C. Keenan, Kullman & Lang, New Orleans, La., for appellant.

Bruce C. Waltzer, New Orleans, La., Abraham E. Freedman and Freedman, Borowsky & Lorry, Philadelphia, Pa., for appellee.

Before JONES and BELL, Circuit Judges, and BREWSTER, District Judge.

GRIFFIN B. BELL, Circuit Judge.

Appellant employer entered into a collective bargaining agreement with appellee union. It contained a no-strike clause and an arbitration clause. Work stoppages were prohibited if they evolved from an arbitrable dispute. A dispute arose over the manning scale in use on certain vessels operated by appellant. The union instructed its members not to sail the SS Gulf Trader, one of employer's vessels, and this instruction and resultant strike was effective against three additional vessels by the time of the arbitration proceeding which forms the basis for this appeal.

The employer invoked arbitration under the agreement for what it contended was a violation of the no-strike clause. There was no request to arbitrate the manning scale dispute. The arbitrator was advised that the union would not participate in the arbitration proceeding, the union taking the position that the question of manning was not arbitrable [1] under the agreement between the parties and hence the alleged work stoppage violation was not arbitrable.

The arbitrator then called a mediation hearing in an effort to resolve the dispute rather than proceeding to arbitration as requested by the employer. The union participated in the mediation hearing and it was agreed that the issues all related to the question of crew size in light of automation and of whether the manning scale could be reduced by the employer. It was impossible to resolve the dispute by mediation and the meeting was adjourned. The matter then proceeded to arbitration on the employer's renewed and sole contention that the union was violating the no-strike clause. The union persisted in its refusal to participate in arbitration proceedings.

The arbitrator, recognizing the relation of the manning dispute to the work stoppage, expressly pretermitted the manning dispute question, and said:

"* * * There is, however, properly before me the claim of the Company that the Union is violating the no-strike provision of the contract. It has been my position in other cases involving alleged violations of the no-strike pledge to hold to the view that my power to enjoin should be combined with the power to resolve the dispute. Whether or not I have the power finally to resolve the dispute over manning is now questioned to the extent that the Union contends that the issue is not arbitrable."

It was pointed out that both parties had agreed that a study of the manning problem should be made so as to bring about a settlement of the dispute by bargaining. Because the study had not been made, the arbitrator stated that he was not in position to pass on the manning issue even if he had jurisdiction over the question. He then made an "interim recommendation" that two employees be added to each vessel pending the study and then by way of an order stated:

"* * * it is my decision that the Union and its members should be and hereby are directed to sail the SS GULF TRADER and other ships of the Company pending the outcome of a study of the proper size crew to maintain aboard this and similar vessels of the Company."

The union continued the work stoppage, and the employer sought injunctive relief in the District Court in the form of obtaining enforcement of that part of the arbitrator's award which directed the union to sail the vessels. The District Court dismissed the complaint on the

---

1. The union's position is that any issue of the manning scale is excluded from arbitration by Art. I, § 36 of the agreement, and left for an industry committee.

ground that it was without jurisdiction to grant the injunctive relief sought in view of § 4 of the Norris-LaGuardia Act. 29 U.S.C.A. § 104. The court rejected the contention of the employer that § 301 of the Taft-Hartley Act, 29 U.S.C.A. § 185, was a *pro tanto* repealer of § 4 of the Norris-LaGuardia Act, and that the court thus had jurisdiction.

The court relied on Sinclair Refining Co. v. Atkinson, 1962, 370 U.S. 195, 82 S.Ct. 1328, 8 L.Ed.2d 440 as authority for this holding. That decision of the Supreme Court is direct authority on the question and is controlling. There the employer sought the injunction directly while here the injunction is sought under the guise of enforcing the award of an arbitrator but this is a distinction without a difference under the facts of this case, and any other result would be exalting form over substance.

■ Here the only issue submitted to the arbitrator by the employer was the alleged violation of the no-strike clause. The manning scale issue was not submitted, nor did the arbitrator take jurisdiction over it on his own motion. The only decision made by the arbitrator was that the work stoppage cease and this stoppage stemmed from a labor dispute over the manning scale issue.

Jurisdiction of the arbitrator over the work stoppage issue was inextricably related to the manning scale issue. Jurisdiction over the latter under the terms of the agreement is a condition precedent to jurisdiction over the former. The arbitrator pretermitted the question of his jurisdiction over the manning scale issue. It was not shown to be an arbitrable issue. Thus he had no jurisdiction over the work stoppage issue alone.

Appellant relies on Textile Workers Union of America v. Lincoln Mills, 1957, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 as implemented by United Steel Workers of America v. American Manufacturing Company, 1960, 363 U.S. 564, 80 S.Ct. 1343, 4 L.Ed.2d 1403; United Steel Workers of America v. Warrior & Gulf Navigation Company, 1960, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409; and United Steel Workers of America v. Enterprise Wheel & Car Corp., 1960, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424, to sustain its contention that the District Court had jurisdiction to grant injunctive relief. The argument is that such jurisdiction now lies to give effect to the congressional policy of resolving labor disputes by arbitration, and that injunctive relief to enforce such awards as are made, including orders to discontinue a strike, is a necessary concomitant of this policy.

This contention overstates the case before us. The question here turns on the jurisdiction of the arbitrator. At no point, either in the arbitration proceeding or in the District Court, has the employer made out the slightest case for the proposition that the manning issue was arbitrable, and that is the issue which gave rise to the labor dispute. The agreement makes no provision for the no-strike clause to come into play unless the manning issue was arbitrable. There was thus no showing of jurisdiction in the arbitrator. The no-strike question was not arbitrable per se and could not serve alone as a basis for the arbitrator's jurisdiction to order the union to cease the work stoppage.

■ The power of the arbitrator lies in the subject matter being drawn from the agreement to arbitrate, and absent such power or jurisdiction, there may be no judicial enforcement. United Steel Workers of America v. Enterprise Wheel & Car Corp., supra, 363 U.S. 593, 597, 80 S.Ct. 1358; Cf. Minute Maid Company v. Citrus, Cannery, Food Processing and Allied Workers, Drivers, Warehousemen and Helpers, Local Union No. 444, 5 Cir., 1964, 331 F.2d 280. This was purely and simply an effort to obtain a federal injunction to stop a labor dispute. The federal courts may not grant such relief.

Affirmed.