SARAH KOREIN, Respondent, *v.* EDWARD M. RABIN, as Executor of ELY RABIN, Deceased, Appellant.

First Department, March 12, 1968.

*W. Bernard Richland* of counsel (*Baer, Marks, Friedman & Berliner*, attorneys), for appellant.

*S. Hazard Gillespie* of counsel (*Davis Polk Wardwell Sunderland & Kiendl*, attorneys), for respondent.

STEVENS, J. P. Respondent appeals from an order entered April 12, 1967 which granted petitioner's motion for an order vacating and setting aside an arbitration award, and denied respondent's cross motion to confirm the award.

The question to be resolved is whether there was such statutory misconduct by appellant's counsel as warranted vacating the award. Petitioner-respondent Korein (Korein) and Ely Rabin, appellant's testator and father, were brother and sister. They participated jointly in a number of real estate ventures, one of which was 665 Realty Company, known also as the Jensen Building, which was established in June, 1960. Ely Rabin died in August, 1964. In December, 1965 the respondent served a demand for arbitration pursuant to the rules of the American

Arbitration Association seeking a determination that Ely Rabin had not contributed his full share of capital to 665 Realty Company. In the demand for arbitration it was charged that the under-contributions were the result of Ely Rabin's using as his own, funds belonging to Korein which came from accounts belonging to her and from other partnerships in which the respondent and Ely Rabin were the sole partners. The demand for arbitration was served pursuant to a provision in the contract between respondent Korein and Rabin which in brief provided that any controversy or claim arising out of or relating to the contract or the breach thereof "shall be settled by arbitration in accordance with the rules, then obtaining, of the American Arbitration Association."

Three arbitrators were appointed, two of whom were accountants, and the parties proceeded to arbitration. Testimony was taken on seven days in October, November and December of 1966, after which the arbitrators made an award to the respondent in the sum of $16,105.05, that being the sum which was determined to be the deficiency in Ely Rabin's initial investment in 665 Realty Company. During the course of the hearings there was testimony about a journal book in the handwriting of the deceased Ely Rabin (hereinafter called the Rabin book). This book was produced at the hearing and certain pages were offered and received in evidence. Korein's counsel objected at the outset to not being permitted to examine the book in its entirety. Appellant's counsel took the position that since there was other litigation involved between the parties, to permit examination of the entire book would prejudice the appellant's cause and, moreover, the entire book was not relevant to the issue then before the arbitrators. Certain pages, pages 81 and 71, were shown to the arbitrators. Since the appellant Rabin objected to the full contents of those pages being made available to Korein, it was suggested by the arbitrators that copies of the pages be made available to Korein with deletion by appellant's attorney of matters which did not relate to any of the ventures which were then being considered by the arbitrators. The pages, with such deletions, were introduced in evidence. At the termination of the last hearing it was agreed that Korein's accountant, Mr. Engelman, would submit by December 30, 1966 an analysis of the evidence presented at the hearing and that Rabin might submit a response to such analysis by January 6, 1967, following which there would be an exchange of main briefs and reply briefs on January 16 and January 23, 1967. December 30, 1966 the analysis of Korein's accountant was served and filed. January 6, 1967 an analysis prepared

by Rabin's accountant, Mr. Feinblatt, was served and filed. A copy of the full page 81 of the Rabin account book, without deletions, was appended to the Feinblatt analysis submitted to the arbitrators. A copy of the analysis served on Korein contained page 81 in the form in which it had been marked as an exhibit during the hearing, and a statement that the full text was being submitted to the arbitrators. A copy of page 71 of the Rabin book was submitted in full text to the arbitrators with the appellant's reply brief, and Korein also received a copy of the full text with service of the reply brief. The respondent during the hearings had received a copy of page 71 as marked in evidence. It might be observed that page 81 and page 71 had previously been examined by the arbitrators in the full text and, as a result of the position taken by appellant and suggestions by the arbitrators, certain deletions were made. The Feinblatt analysis submitted to the arbitrators contained page 69 of the Rabin book. This was a page which had not been offered in evidence at the hearing. This page contained a single entry which apparently indicated a credit of $46,650 which the appellant conceded was due Mrs. Korein.

Petitioner-respondent Korein, in her application at Special Term to vacate the award, relied on the submission by the present appellant of the full text of pages 81, 71 and 69 to the arbitrators after the last hearing day, and also a fourth ground which had to do with matter contained in the appellant's final brief. In that brief the appellant urged the arbitrators to review certain items identified as relating to 65th Street which appeared on the uncensored page 81 of the Rabin book. In brief, Korein was provided with complete copies of pages 69 and 71 at the same time they were submitted to the arbitrators, and she was given notice that the complete text of page 81 was being submitted to the arbitrators.

Petitioner-respondent moved to vacate the award on the ground of misconduct by appellant's counsel in procuring the award (CPLR 7511, subd. [b], par. 1), and Special Term granted the motion.

The record reveals that the hearing was closed as of January 24, 1967 and the award was issued February 24, 1967. The reply briefs were all served and filed before the arbitrators by January 24, 1967, almost a full month before the award was rendered. While the demand for arbitration merely sought a money judgment on account of the under-contributions, it appears that at the hearing the petitioner-respondent made claim for a sum in excess of $100,000 as the alleged under-con-

tribution. Examination of the exhibits in the record seems to indicate that both accountants reached about the identical figure which was awarded as the deficiency or under payment on the part of the respondent-appellant.

The agreement to arbitrate, as set forth in the demand, expressly provided that " any controversy or claim * * * shall be settled by arbitration in accordance with the rules, then obtaining, of the American Arbitration Association." The parties, therefore, are subject to the procedures established by the rules of the association which, in effect, were incorporated in the demand (see *Matter of Rosenthal, Inc.* [*Tannhauser*], 279 App. Div. 902, affd. 304 N. Y. 812; *Matter of Katz* [*Burkin*], 3 A D 2d 238, 239). Rule 35 of the Commercial Arbitration Rules of the association provides " [t]he hearings may be reopened by the Arbitrator on his own motion, or upon application of a party for good cause shown, at any time before the award is made." Korein was advised of the submission of the pages in question almost 30 days prior to the making of the award. If she felt aggrieved or disadvantaged she had ample time to make known her objection and seek a reopening of the hearing. Korein had chosen the forum. Korein elected to take a calculated risk, if risk there was, that the award would not or could not be affected. She should not now be heard to complain that the award, in amount, did not equal the claim advanced by her. (*Fudickar* v. *Guardian Mut. Life Ins. Co.*, 62 N. Y. 392, 405.)

Korein complains also that she should have had access at the hearing to the full pages as eventually submitted, if not indeed to the entire Rabin book. The argument is necessarily premised upon a contention that such access was vital to proof of Korein's claim. In *Matter of Seedman* (*Lockrey*) (1 A D 2d 656, affd. 1 N Y 2d 777; emphasis supplied) we noted: " it may well be that the failure of arbitrators to permit access to vital records, material to the trial of the issues before them, would be a ground for setting aside an award *if such failure made it impossible for a party to present evidence necessary for a determination of the issues* ". There is no showing here that the material excised from the pages in evidence (later presented in full to the arbitrators) and the initial withholding of page 69, made it impossible for Korein to present evidence necessary for the determination of the issues. The essence of Korein's claim was an under-contribution by decedent to 665 Realty Company as a result of decedent's use of funds belonging to Korein. Page 69 showed a sum concededly due Korein. As reflected in Korein's Exhibit 1, the sum of

$46,650 (the single amount which appears on page 69) was deducted by petitioner from the amount due Ely Rabin, appellant's testator. Substantiation of Korein's claim for $46,650 by page 69 could hardly be termed prejudicial. The excised matter on pages 71 and 81 purported to show the calculation by which the total figures exhibited to Korein were computed. At most the excised material seems to have been corroborative of other material in evidence. It must be remembered that pages 71 and 81, in full, had been exhibited to the arbitrators during the hearing:

Even if we were to conclude, and we do not so hold, that the acceptance by the arbitrators of the pages in question was mistake or error, that fact alone would not warrant vacating and setting aside the award. A mistake or error of the arbitrators as to the law or facts will not vitiate an award " unless it results in a failure of intent or breach of authority or is so gross or palpable as to establish fraud or misconduct " (6 C. J. S., Arbitration and Award, § 105). Nor will the court concern itself with the form or sufficiency of the evidence before the arbitrators or some departure from formal technicalities in the absence of a clear showing that statutory grounds exist for vacatur of the award (see, generally, 5 Am Jur. 2d, Arbitration and Award, § 146 *et seq.*; *Matter of Gerli & Co.* v. *Heineman Corp.*, 258 N. Y. 484). We find no rational basis to conclude that the acceptance of the questioned pages constituted or could be equated with the gathering of ex parte evidence which later formed the basis for the award. Moreover, " arbitrators are not hampered in the discharge of their duty by rules of evidence, or the body of case and statutory law governing the prosecution of actions. * * * Nor are they restricted to a consideration of only such evidence as the parties see fit to produce, unless, of course, the submission so provides " (*Matter of Springs Cotton Mills* [*Buster Boy Suit Co.*], 275 App. Div. 196, 200, affd. 300 N. Y. 586). There was no such limitation contained in the present submission. In a valid submission questions of law and fact are for the arbitrators. " When parties agree to arbitrate, they agree to waive the rules of evidence and the inexorable application of substantive rules as well " (*Matter of Spectrum Fabrics Corp.* [*Main St. Fashions*], 285 App. Div. 710, 714, affd. 309 N. Y. 709; *Matter of Staklinski* [*Pyramid Elec. Co.*], 6 A D 2d 565, affd. 6 N Y 2d 159).

While Korein urges that the submission of the pages and argument thereon constituted such flagrant misconduct as to vitiate the award, Korein fails to point out with requisite clarity

how her rights were prejudiced thereby, or even to establish a substantial possibility that prejudice did, in fact, result. It is essential that this be shown (CPLR 7511, subd. [b], par. 1). There was no defect of power in the arbitrators and the objectionable pages were at most corroborative and cumulative. Korein's complaint that Feinblatt in his analysis commented upon 65th Street, and that appellant in his brief urged consideration of the items with reference to 65th Street which appear on the uncensored page 81, is of little merit. In Arbitration Exhibit 4, prepared by Korein's accountant and submitted by Korein, there are numerous items with respect to 65th Street. Reference to 65th Street appeared also in appellant's Exhibit T. While prejudice is claimed, none is shown. If Korein felt there was any fundamental unfairness in the submission of the pages or the argument thereon she had ample opportunity to move prior to the award to have the material excluded or rejected. The failure to so move may reasonably be construed as an implied consent to its consideration or at least a tacit concession of the lack of any substantial prejudice. The award did not depart from the submission and it should not now be permitted to be impeached because of dissatisfaction with the amount of the award. The figures of the respective accountants appear to be in substantial agreement as to the amount of the under-contribution. Korein has not sustained the burden of showing any or such misconduct as to throw doubt on the fairness of the proceeding (see *Matter of Deering Milliken & Co. [Boepple Sportswear Mills]*, 4 A D 2d 652, affd. 4 N Y 2d 956).

No fraud or misconduct is shown on the part of the arbitrators. If they could be charged with error in accepting the pages it was at most an error of judgment. Having already viewed two of the pages during the hearing, at which time suggestions for possible deletions were made, and viewing a third page with a single entry showing a credit due Korein, it is difficult to conclude in what manner Korein could be prejudiced, or how the award was affected. The award was in full settlement of all claims submitted. The arbitrators did not have to give their reasons or set forth their calculations in reaching the result announced (*Matter of Coletti [Mesh]*, 23 A D 2d 245, 247, affd. 17 N Y 2d 460).

Nor can the forwarding of the full pages, plus page 69, and argument in reference thereto, be characterized as so fundamentally unfair as to constitute misconduct by appellant. The award should not have been set aside (*Matter of Wilkins*, 169 N. Y. 494).

The order appealed from should be reversed on the law, the facts having been reviewed and considerd, and the motion to confirm the award granted, with costs and disbursements to appellant.

STEUER, TILZER, McGIVERN and McNALLY, JJ., concur.

Order entered on April 12, 1967, unanimously reversed, on the law, the facts having been reviewed and considered, with $50 costs and disbursments to appellant, petitioner's motion to vacate and set aside the award denied, and respondent's cross motion to confirm the award granted.