**DELTA LINES, INC., a California Corporation, Plaintiff,**

v.

**BROTHERHOOD OF TEAMSTERS AND AUTO TRUCK DRIVERS, LOCAL 85, affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America, an unincorporated association, Defendant.**

No. C–75–422–CBR.

United States District Court, N. D. California.

March 12, 1976.

Richard H. Harding, Littler, Mendelson & Fastiff, San Francisco, Cal., for plaintiff.

Kenneth N. Silbert, Brundage, Beeson, Tayer & Kovach, San Francisco, Cal., for defendant.

## ORDER GRANTING SUMMARY JUDGMENT

RENFREW, District Judge.

This matter comes before the Court on the motion of plaintiff Delta Lines, Inc. ("Delta"), for summary judgment. The action was originally brought in the Superior Court of the State of California for the City and County of San Francisco, but was removed to this Court on January 28, 1975, by petition of defendant Brotherhood of Teamsters and Auto Truck Drivers, Local 85 ("Union").[1] Jurisdiction was invoked under Section 301(a) of the Labor-Management Relations Act of 1947, 29 U.S.C. § 185(a).

### I

The parties agree that this case may properly be disposed of by way of summary judgment, as the facts are not in dispute. On March 28, 1974, Kenneth R. Weaver, then employed as a truck driver by Delta, was accused of stealing freight from the shipment assigned to him. Faced with this charge, Weaver resigned his employment. Thereafter defendant Union, of which Weaver was and is a member, filed an "Application for Dispute Hearing" with the Joint Council 7 Labor-Management Committee ("Labor-Management Committee"), pursuant to Article 44 of the "Joint Council No. 7 Local Pickup and Delivery Supplemental Agreement". This agreement details the procedure by which the parties have contracted, *inter alia*, to resolve disputes over the discharge of an employee. The motion considered by the Labor-Management Committee was whether, based on Weaver's signed resignation, there was a discharge before the Committee. The Committee deadlocked on that issue and, in accordance with Article 44 of the aforementioned agreement, submitted the matter to an impartial arbitrator, Howard E. Durham. Arbitrator Durham found that Weaver "did not voluntarily resign", and therefore returned the matter to the Labor-Management Committee for a further hearing on whether Weaver's constructive discharge was for just cause. Once again the Committee deadlocked and was obliged to submit the matter to arbitration.

The arbitrator selected, Morris L. Myers, stated the issues before him as follows:

"1. Whether the Employer violated Section 5(b) of Article 44 by failing to send the grievant, Kenneth Weaver, and the Union written notice of termination within five days following issuance of the Durham Award?

"2. Whether the Employer violated Section 5(b) of Article 44 by failing to reinstate the grievant to his former position following issuance of the Durham Award?

"3. Whether there was just cause for the discharge of Kenneth R. Weaver? If not, what shall the remedy be?"

Arbitrator Myers' resolution of these issues is set out in his Award dated February 3, 1975. Myers found no violation with respect to sending written notice of termination, but did find a violation in Delta's failure to reinstate Weaver to his former position following issuance of the Durham Award; accordingly, he awarded Weaver pay for the period from Durham's Award to February 3, 1975. Finally, Myers found that although Weaver did not actually commit theft, there was just cause for his discharge.

---

1. Affiliated with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America.

Plaintiff contends that Arbitrator Myers had no authority to decide the first two questions set out in his statement of the issues. Plaintiff asserts that these alleged violations were not presented to the Labor-Management Committee and that Myers' Award is void to the extent it goes beyond the specific issue over which the Committee deadlocked: Whether Weaver was discharged for just cause. Defendant Union apparently does not dispute that the first two issues delineated by the arbitrator were not formally brought before the Committee.[2] Defendant instead maintains first, that plaintiff's objection to their consideration was merely a procedural issue which the arbitrator had authority to decide, and second, that Myers' Award was within his authority to fashion an appropriate remedy.

## II

■■■ The law defining the scope of an arbitrator's authority is well settled. The limits of an arbitrator's jurisdiction are defined by the collective bargaining agreement and the issues submitted by the parties. The cases which comprise the "Steelworkers Trilogy"[3] make clear that the judicial role in reviewing arbitration awards is a narrow one. Ambiguities and doubts are to be resolved in favor of enforcement of such awards. *United Steelworkers of America v. Warrior & Gulf Co.*, 363 U.S. 574, 582–583, 80 S.Ct. 1347, 1352, 4 L.Ed.2d 1409, 1417 (1960). Nevertheless, an arbitration award which clearly goes beyond the issues submitted by the parties is unenforceable. *Retail Store Employees Union, Local 782*

*v. Sav-On Groceries*, 508 F.2d 500, 502–503 (10 Cir. 1975); *Textile Workers Union of America v. American Thread Co.*, 291 F.2d 894, 897 (4 Cir. 1961). Indeed, the agreement by which these parties contracted to settle such disputes explicitly provides that "[t]he decision of the arbitrator shall be specifically limited to the matter submitted to him * * *." Joint Council No. 7 Local Pickup and Delivery Supplemental Agreement, Article 44, Section 7. Therefore, the only issue facing this Court is whether the arbitrator's Award went beyond the scope of the parties' submission.

Defendant Union's first legal argument is that plaintiff's insistence that the arbitrator was without jurisdiction to consider the issues of notice and reinstatement raised a question of contract interpretation which the arbitrator had authority to decide. The Union further contends that Delta impliedly recognized the arbitrator's power to decide this question by briefing and arguing the issue and by its decision to contest the alleged violations on the merits.

■■■ To characterize plaintiff's procedural objection as a question of contract interpretation for the arbitrator to resolve does not advance the analysis of the specific issue facing this Court. Surely the arbitrator had to decide whether or not to arbitrate the alleged violations, but if the Court finds that the alleged violations were beyond the contemplation of the submission, the arbitrator certainly had no authority to hear them. For the same reason, defendant's contention that the plaintiff impliedly recognized the arbitrator's "authority" is

---

**2.** At the hearing before Arbitrator Myers, the parties inconclusively discussed whether or not the issue of timely notice had been referred to the Committee. (See Exhibit 1, pp. 11–12 attached to defendant's Memorandum of Points and Authorities in Opposition to Motion for Summary Judgment.) For present purposes, the question is of no significance since the arbitrator resolved the issue of timeliness favorably to plaintiff. The heart of Delta's complaint is the award of pay for failure to reinstate Weaver.

**3.** *United Steelworkers of America v. American Manufacturing Co.*, 363 U.S. 564, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); *United Steelworkers of America v. Warrior & Gulf Co.*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960); *United Steelworkers of America v. Enterprise Wheel and Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960).

not helpful. Nor is it accurate. The attorney representing Delta at the hearing before Arbitrator Myers made clear his position that the only issue to be arbitrated was whether Weaver was discharged for just cause. This Court will not say that plaintiff "recognized" the arbitrator's authority merely because it chose to contest the procedural propriety of arbitrating the alleged violations, and then took the added precaution of arguing those issues on the merits once it appeared the arbitrator had decided to include them in his consideration.

■■ The second legal argument advanced by defendant is that Myers' Award was within his authority to fashion an appropriate remedy. Defendant refers the Court to Section 5(a) of Article 44, which provides in pertinent part:

> "In all cases except theft * * * an employee to be discharged shall be allowed to remain on the job without loss of pay unless and until the discharge is sustained under the grievance procedure * * *."

Defendant's position is that since theft was not established, Arbitrator Myers was obliged to find a violation in Delta's failure to reinstate Weaver following issuance of the Durham Award. Of course, this Court is not concerned with the wisdom of the arbitrator's decision, but with his authority to make it. Defendant attempts to infer this authority by reasoning that "[t]he Union could not successfully urge the procedural issue in the absence of a favorable finding on the merits. The procedural issue must therefore necessarily be within the scope of the arbitrator's remedial authority." Defendant's Memorandum of Points and Authorities in Opposition to Motion for Summary Judgment, p. 5. The premise of this argument is ambiguous as presently stated. The "procedural issue" was whether the alleged violations were properly before the arbitrator. Obviously the Union could successfully urge that issue regardless of the arbitrator's finding on the merits. What defendant apparently means to argue is that a favorable finding on the merits of the theft

charge was a prerequisite to finding that Delta violated Article 44 by failing to reinstate Weaver, and that since the arbitrator had the authority to find that Weaver had not committed theft, he also had the authority to find a violation in Delta's failure to reinstate. The fallacy lies in presuming that the scope of the arbitrator's authority to decide issues is determined by his authority to find facts. The mere fact that Myers was authorized to make a finding on the theft charge is no argument that he was vested with authority to decide every issue for which that finding has significance. The arbitrator exceeded his authority by going beyond the issues submitted to him.

The above constitutes the Court's Findings of Fact and Conclusions of Law. Accordingly,

IT IS HEREBY ORDERED that plaintiff's motion for summary judgment is granted.

IT IS HEREBY FURTHER ORDERED that plaintiff submit an appropriate form of judgment in accordance with the Court's Findings of Fact and Conclusions of Law herein.