TRUCK DRIVERS, CHAUFFEURS AND
HELPERS, LOCAL UNION NO. 384

v.

STEARLY MOTOR FREIGHT, INC., Rex
Motor Freight, Inc., and William
A. Kelly, Inc.

Civ. A. No. 79–633.

United States District Court,
E. D. Pennsylvania.

Aug. 2, 1982.

William J. Einhorn, Sagot & Jennings, Philadelphia, Pa., for plaintiff.

Michael F. Kraemer, Kleinbard, Bell & Brecker, Philadelphia, Pa., for defendants.

## 624

## MEMORANDUM

RAYMOND J. BRODERICK, District Judge.

The plaintiff, Truck Drivers, Chauffeurs and Helpers, Local Union No. 384 ("Local Union") brought this action pursuant to § 301(a) of the Labor Management Relations Act to enforce two arbitration awards rendered by a joint employer-employee arbitration panel. In its original complaint, only Stearly Motor Freight, Inc. ("Stearly") was named as a defendant. The Local Union filed an amended complaint several months after its original complaint, seeking to enforce the awards not only against Stearly, but also against Rex Motor Freight, Inc. ("Rex") and William A. Kelly, Inc. ("Kelly"). Now before this Court are the defendants' motions for summary judgment. The defendants claim that the awards cannot be enforced against Rex and Kelly because they were not named in either the plaintiff's submission to the arbitration panel or in the panel's awards. The defendants also claim that the plaintiff is seeking in this action to enlarge one award to include cost of living increases for 1977 when, in fact, the award only covered increases for 1978, and that, even as to Stearly, this award may only be enforced for 1978. For the reasons hereinafter set forth, summary judgment will be granted in favor of the defendants Rex and Kelly. As to the cost of living issue, the award should be resubmitted to the arbitration panel to clarify an ambiguity which at present renders the award unenforceable.

For many years, the Local Union and Stearly have been parties to a collective bargaining agreement which is renewable every three years and which provides that unresolved grievances be submitted to a joint employer-union arbitration panel. The decisions of the panel are final and binding upon all the parties. On May 24, 1978 the plaintiff submitted to arbitration a grievance in which it claimed that Stearly had not paid cost of living allowances as provided by the collective bargaining agreement. The submission did not unambiguously state which years the grievance referred to, and the award of July 21 merely states that "Based on the facts presented the Company will pay the Cost of Living, pertaining to Art. 33 of the Master Freight Agreement." In August, 1978 the plaintiff filed a grievance on behalf of one of its employees in which it was alleged that he was not afforded an opportunity to work in accordance with the seniority provisions of the agreement, and that he was entitled to lost wages for the period he was not working. On December 13, 1978 the arbitration committee upheld the union's grievance on behalf of this employee. In its action before this Court, the Local Union now seeks to enforce these awards against Stearly, Rex, and Kelly, the former award for the years 1977 and 1978. The defendants Rex and Kelly claim in their motions for summary judgment that they are not bound by the arbitration awards because they were not parties to the arbitration and the issue as to whether they were an "employer" under the agreement was not arbitrated. The defendant Stearly, in its motion for summary judgment contends that the arbitrator's award as to the cost of living allowance may only be enforced against it for the year 1978.

The plaintiff's argument that the awards should cover all three defendants is based on its belief that Stearly, Rex, and Kelly are a "single employer". The Local Union states that Douglas Stearly, his wife, and his son own all of the stock in the three companies; that all three entities share common physical facilities; that Mr. Stearly and his wife manage all the companies, including their labor relations; that the records of all the companies are kept in a single location; that the companies share one phone; that the clerical staff that performs work for all the companies is paid only by Stearly Motor Freight, Inc.; and that truck drivers, regardless of which company they are paid by, work interchangeably for all three companies.

█ It is true, as the plaintiff has pointed out, that the National Labor Relations Board and the courts have construed the term, "employer," broadly, and in doubtful

situations, have looked to underlying economic facts rather than technical legal classifications. *NLRB v. Hearst Publications*, 322 U.S. 111, 128–29, 64 S.Ct. 851, 859, 88 L.Ed. 1170 (1944). Substance has prevailed over form, and even though a corporation is not a party to a collective bargaining agreement between a union and a related corporation, the former corporation may nevertheless be bound to extend the agreement to its own employees, provided that both corporations are operated essentially as a single entity. *Radio & TV Local 1264 v. Broadcast Service*, 380 U.S. 255, 85 S.Ct. 876, 13 L.Ed.2d 789 (1965); *Local No. 627 v. NLRB*, 518 F.2d 1040 (D.C.Cir.1975). Among the criteria to be used in determining whether nominally separate entities constitute a single employer are the degree of interrelation of operations, common management, centralized control of labor relations, and common ownership. *Id.* Arguably, Stearly, Rex, and Kelly could be found to constitute a single employer.

Nevertheless, we hold that Rex and Kelly are entitled to summary judgment. Although Rex and Kelly might well have been required to honor the collective bargaining agreement between the Local Union and Stearly, the plaintiff never raised this issue in the arbitration proceedings. The plaintiff here contends that, because of the single employer status of the companies, it was unnecessary to include the names of Rex and Kelly in its submission to arbitration, and that the award must apply to these parties without their having been named in it. We cannot, however, enforce an award which has not been made, nor is it within our province to make a *de novo* determination of whether Rex and Kelly are parties to the award where the issue has not been decided by the arbitrators.

We have found no cases which support the proposition that, after an award has been made, it can be enforced against parties not named in the award or dealt with in the arbitration proceeding. The cases we have uncovered dealing with "single employer" status are all suits to compel non-signatories to participate in arbitration proceedings. Thus, these suits arise *before* the award is made. *See, e.g., Farkar Co. v. R. A. Hanson Disc, Ltd.*, 583 F.2d 68, 70–71 (2d Cir. 1978); *Interocean Ship. Co. v. National Ship. & Trading Corp.*, 523 F.2d 527, 538–39 (2d Cir. 1975); *Wells Fargo Bank v. London S. S. Owners Mut. Ins.*, 408 F.Supp. 626 (S.D.N.Y.1976); *Andrew Martin Marine v. Stork Werkspoor Diesel*, 480 F.Supp. 1270 (E.D.La.1979); *Koreska v. Perry-Sherwood Corp.*, 253 F.Supp. 830 (S.D.N.Y.1965), affirmed 2 Cir., 360 F.2d 212.

The undisputed facts are that only the name of Stearly was submitted in the union's grievance and that the award only mentioned "the Company," that is, Stearly. At the hearing, the other companies were not represented, were never discussed or mentioned, and no testimony was adduced concerning their affiliated nature. Therefore, in a suit to enforce the award rendered by the arbitration panel, this Court has no authority to bind Rex and Kelly.

It is clear that an arbitrator may only decide issues submitted by the parties for arbitration, and that a court should vacate an award which exceeds the boundaries of the submission to him. *International Assn. of Machinists v. Texas Steel*, 639 F.2d 279, 283 (5th Cir. 1981); *La Mirada Trucking v. Teamsters Local Union 166*, 538 F.2d 286, 288 (9th Cir. 1976); *Delta Lines, Inc. v. Brotherhood of Teamsters*, 409 F.Supp. 873 (N.D.Calif.1976). It follows, *a fortiori*, that where an issue was not submitted to or decided by an arbitrator, it may not be the subject of an enforcement action under the LMRA.

Furthermore, it would be unfair to bind a party to an award where that party has not had a voice in the proceedings from start to finish. *National Elevator Industries, Inc. v. Local No. 5*, 426 F.Supp. 343, 349 (E.D.Pa. 1977).

Of course, this does not preclude the plaintiff from submitting to an arbitration panel the issue of whether Rex and Kelly are covered by the collective bargaining agreement. Indeed, by its terms, the collective bargaining agreement indicates that it is an arbitration panel, rather than a dis-

trict court, which is, in the first instance, to make a determination of which employers the agreement covers. Article 2, Section 3 provides that the agreement shall be applied to "additions" and "extensions" of employers covered by the agreement, and Article 8 provides that all grievances and questions of interpretation arising under the agreement shall be processed through the arbitration mechanism. The issue of whether Rex and Kelly are "additions" or "extensions" is one of interpretation of these terms, pursuant to the facts presented at the arbitration hearing. The parties have bound themselves to have the issue settled by arbitration and not by adjudication in the court. As to the award before this Court, however, it is clear that Rex and Kelly are not included, and they are therefore entitled to summary judgment.

We next turn to the question of whether the cost of living allowances awarded the union against Stearly apply to the years 1977 and 1978 or only to 1978.

■ Ordinarily, reviewing courts should be reluctant to withhold enforcement of arbitrators' decisions, as federal policy favors resolution of industrial disputes by arbitration. *SMI Industries, Inc. v. Philadelphia Joint Board*, No. 79–942 (E.D.Pa., filed June 15, 1982); *Warehouse Employees Local 169 v. Acme Mkts., Inc.*, 473 F.Supp. 709, 712 (E.D.Pa.), *affirmed*, 3 Cir., 620 F.2d 291 (1979). It is the arbitrator's decision that is bargained for and the award may only be disturbed where there is a "manifest disregard of the collective bargaining agreement, totally unsupported by principles of contract construction or the law of the shop, when fraud, partiality or other misconduct on the part of the arbitrator is shown; or when the award violates the command of some law, is too vague or ambiguous to be enforced, or is inconsistent with public policy." *Warehouse Employees Local, supra*, at 713; *SMI Industries, supra*, at 4. In exercising its authority to enforce or vacate arbitrators' awards, a reviewing court is barred from ruling upon the merits of the awards and substituting its own interpretations for those of the arbitrators. Rather, the court is limited to determining:

1) whether the opinions rendered and the awards made were within the authority granted the arbitrator by the terms of the agreement; 2) whether the arbitrator's opinions draw their essence from the agreement; and 3) whether the awards are definite enough to be enforceable.

*Sheet Metal Assn. of N. Y. City v. Local Union No. 28*, 301 F.Supp. 553, 555 (S.D.N.Y.1969). *See also United Steelworkers of America v. Enterprise Wheel & Car Corp.*, 363 U.S. 593, 80 S.Ct. 1358, 4 L.Ed.2d 1424 (1960); *Textile Workers Union of America v. Lincoln Mills*, 353 U.S. 448, 77 S.Ct. 912, 1 L.Ed.2d 972 (1957).

■ In the case before us, we do not hesitate to hold that, based on the collective bargaining agreement, it was within the authority granted the arbitrator to decide the cost of living grievance and that the panel's decision to grant the union cost of living allowances drew its essence from the agreement. Nevertheless, this Court at this time can neither enforce nor vacate the award because of its ambiguity. The award itself does not specify which years it covers, and although the union's submission seems to refer only to the 1978 cost of living allowances, the materials presented by the parties indicate the possibility that during the arbitration hearing and in post-hearing implementation negotiations, the 1977 allowances were discussed. We are unable to be certain, therefore, exactly what the arbitration panel decided and it is not our function to resolve this issue. The fact that an award was final and binding does not preclude further clarification in the event an ambiguity exists therein. Resubmission for clarification by the arbitrator, rather than trial *de novo*, is the appropriate procedure for resolution of this issue. *Local Union No. 494 v. Brewery Proprietors*, 289 F.Supp. 865, 870 (E.D.Wis.1968). As the Third Circuit has recently indicated:

Federal courts are bound to exercise the utmost restraint to avoid intruding on the bargained-for method of dispute resolution and when enforcement of an arbitration award ... is sought under Section

627

301, the court must be able to say "with positive assurance" that the award or settlement was intended to cover the dispute. If the court has any doubt, the parties should be returned to their grievance procedure and arbitration.

*United Mine Workers v. Consolidation Coal Co.*, 666 F.2d 806, 811 (3d Cir. 1981). *See also Bell Aerospace Co. v. Local 516*, 500 F.2d 921, 923 (2d Cir. 1974); *Transport Workers Union Local 234 v. Philadelphia Transportation Co.*, 228 F.Supp. 423 (E.D. Pa.1964).