900 F.2d 255
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Elizabeth SIMMONS, Plaintiff-Appellant,
v.
Thomas RISHER; Prudential-Bache Securities, Inc.,
Defendants-Appellees.
 No. 89-2955.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Oct. 19, 1989.
Decided: Feb. 7, 1990.
 
 Appeal from the United States District Court for the District of South Carolina, at Columbia. Matthew J. Perry, Jr., District Judge. (CA-86-2644)
 Rolf M. Baghdady, on brief, for appellant.
 Paul A. Dominick, Nexsen, Pruet, Jacobs & Pollard, on brief, for appellees.
 D.S.C.
 AFFIRMED.
 Before WIDENER, MURNAGHAN and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Elizabeth Simmons appeals from the district court's denial of her motion to vacate an arbitration award and order a rehearing. The arbitration panel dismissed her claims against appellees, Thomas Risher and Prudential-Bache Securities, Inc. (hereinafter Risher). Simmons contends that the award was procured by undue means because of a prohibited contact with the panel by Risher, and that the panel exhibited manifest disregard of the law by failing to find Risher liable for recommending tax shelters to a person with no taxable income. We affirm the decision of the district court.
 
 
 2
 * Simmons invested $100,000 in limited partnerships recommended to her by Risher. Although it is not clear from the record before us, the investments presumably did not do well. Simmons brought this action in the federal district court against appellees, alleging violations of the Racketeer Influenced and Corrupt Organizations Act, the Securities Acts of 1933 and 1934, and pendent state law claims. The district court sent the matter to binding arbitration. The arbitrators conducted two days of hearing, then unanimously decided to dismiss all of Simmons' claims. Simmons moved the district court to vacate the arbitration award and order a rehearing pursuant to the Federal Arbitration Act, 9 U.S.C. Sec. 10. The district court denied the motion, and Simmons now appeals to this court.
 
 II
 
 3
 Prior to the arbitration hearing, the New York Stock Exchange (NYSE) sent the parties a letter with information regarding the arbitration, including this sentence: "THE PARTIES AND COUNSEL ARE WARNED that no communication with the[ ]arbitrators pertaining to these proceedings or to the controversy is permitted except through the Arbitration Director." Shortly thereafter, counsel for the parties had a dispute regarding production of documents. About a week before the hearing, counsel for Risher wrote a letter to Simmons' counsel, protesting the latter's breach of their agreement to exchange copies of certain documents.[1] The letter concluded:
 
 
 4
 By copy of this letter, we are requesting a ruling from the arbitration panel that the documents you failed to produce be excluded from evidence, along with any testimony relating to the documents. We hesitate to burden the arbitration panel with this matter, but know of no other avenue since the NYSE Arbitration Rules contain no provision for a motions practice.
 
 
 5
 This letter was copied to each of the five members of the arbitration panel.
 
 
 6
 On the first day of hearing, as a preliminary matter, Simmons' counsel stated he thought the letter was a violation of the above-quoted admonition against communication with the arbitration panel. He also expressed concern that the letter may have prejudiced the panel against his client. The following exchange took place.
 
 
 7
 Mr. Baghdady: ... If any of you think that that is a violation, I think you should let us know. If you are so prejudiced now against Mrs. Simmons's case as a result of seeing that letter that you let us know.
 
 
 8
 Mr. Chairman: I think I can ask the arbitrators if they feel this has been prejudicial to your case. If there is any such feeling, would you so express it at this stage. If not, then I think you can be rest assured that we are in a position to look at the case on its merits.
 
 
 9
 Mr. Baghdady: Thank you, Sir. There are two additional matters that we probably need to consider.
 
 
 10
 Simmons contends that the sending of copies of the letter to arbitration panel members was a prohibited ex parte communication which amounted to "undue means" as contemplated by 9 U.S.C. Sec. 10(a), and therefore that the arbitration award should be set aside. We cannot agree, however, that the communication here was ex parte. See Black's Law Dictionary 517 (5th ed. 1979); I Bouvier's Law Dictionary 1103 (8th ed. 1914) ("ex parte " refers to communication between an arbiter and only one of the parties, with no notice to nor opportunity to comment by the other party). Furthermore, the case cited by Simmons in support of her undue means argument is inapposite. In Totem Marine Tug & Barge, Inc. v. North American Towing, Inc., 607 F.2d 649 (5th Cir.1979), the arbitrators themselves initiated a truly ex parte communication in order to acquire evidence germane to their award. Here the arbitrators did not initiate the contact, nor did the letter's contents go to the merits of the case. The arbitrators assured Simmons' counsel that the letter had not prejudiced them against her, an assurance which Simmons' counsel accepted without further objection or motion. Simmons also frankly admits she has no evidence of prejudice resulting from the letter. These circumstances we think fall far short of the "undue means" prohibited by Sec. 10(a). Cf. Drayer v. Krasner, 572 F.2d 348, 352 (2d Cir.) (Friendly, J.), cert. denied, 436 U.S. 948 (1978); In re the Arbitration between National Bulk Carriers, Inc., and Princess Management Co., 597 F.2d 819, 825 (2d Cir.1979).
 
 III
 
 11
 Simmons also contends that the arbitration award should be set aside because it is so clearly erroneous that it amounts to "manifest disregard of the law."[2] She correctly states that her agreement with Risher provided that her account would be maintained pursuant to the rules of NYSE and the National Association of Securities (NASD), that NYSE Rule 405 requires member organizations to "[u]se due diligence to learn the essential facts relative to every customer," and that article III, Sec. 2 of the NASD rules requires members to have reasonable grounds for believing that a recommendation of a purchase to a customer is suitable.
 
 
 12
 Simmons reported very little taxable income in 1982 and 1983 and no taxable income in 1984 and 1985. She maintains that it was clearly unreasonable to recommend tax shelters to a client who had no taxable income. Thus, she asserts that Risher was in violation of NYSE Rule 4 and NASD art. III Sec. 2, and the arbitration panel exhibited manifest disregard of the law when it did not find Risher liable to Simmons for recommending the tax shelters she invested in.
 
 
 13
 The record in this case includes a letter from Risher to Simmons describing her investments with Prudential-Bache. Those descriptions indicate that the investments provided not only tax deductions, but also sheltered income and other proceeds. Thus, in deciding whether Risher had been reasonable in recommending the investments to Simmons, factors other than her reportable income would be relevant. Simmons admits that the arbitration panel was presented with evidence that she was wealthy and a sophisticated investor. Thus, its decision that Risher was not liable to her for recommending the investments she made was not manifest disregard of the law.
 
 IV
 
 14
 In light of the above, we affirm the district court's decision to deny Simmons' motion to vacate the arbitration award. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 15
 AFFIRMED.
 
 
 
 [1]
 Simmon's counsel does not deny that he broke the alleged agreement
 
 
 [2]
 "Manifest disregard of the law" is a ground recognized by the Supreme Court for vacating arbitration awards. Wilko v. Swan, 346 U.S. 427, 436-37 (1953). It has not been invoked in any case decided by this Court, and has been used sparingly and stringently in other circuits. See, e.g., Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Bobker, 808 F.2d 930, 933-34 (2d Cir.1986)