■ In the Matter of the Arbitration between CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., on Behalf of CHARLES FINN, as Representative of Employees Formerly Employed in Headquarters Garage, Respondent, and R. BURDELL BIXBY et al., Constituting the NEW YORK STATE THRUWAY AUTHORITY BOARD, Appellants. In the Matter of the Arbitration Between the NEW YORK STATE THRUWAY AUTHORITY, Appellant, and CIVIL SERVICE EMPLOYEES ASSOCIATION, INC., Respondent.— Appeal from a judgment of the Supreme Court at Special Term, entered August 4, 1972 in Albany County, which confirmed an arbitration award and denied a motion to vacate and modify the award. Respondent represented 14 employees of appellant, formerly known as the "Headquarters Garage Unit", in a dispute concerning hours of employment submitted for arbitration pursuant to certain grievance procedures. The dispute arose as a result of moving these 14 employees from a separate garage location where they worked 37½ hours per week, to the newly erected Albany Division Garage where all other garage employees worked 40 hours per week. At the new location and on September 30, 1969, these employees were directed to work 40 hours per week. In this proceeding they contend that this change in working hours was in violation of a long standing policy regarding continuation of existing work rules and regulations and that the status quo should have been maintained. At the time the subject controversy arose, appellant had not been bargaining under the Taylor Law, but subsequently, on July 15, 1970, an agreement was entered into between these parties which included a schedule of work hours for employees, and specifically provided for a 40-hour work week for all garage employees. Although there was no provision for arbitration at the time this controversy arose, the parties subsequently agreed to submit the dispute to arbitration in accordance with procedures outlined in the July 15, 1970 contract, and the issue to be decided was framed as follows: "Did the New York State Thruway Authority have the right to change the working hours of the fourteen employees of the Headquarters Garage from a thirty-seven and one-half hour week to a forty-hour week on or about September 30, 1969?" Following a hearing before an arbitrator, a decision was reached in favor of respondent answering the question in the negative and directing this appellant to "make compensation to the employees on the payroll of the Headquarters Garage Unit from October 1, 1969 to date at the rate of time and one-half for all hours worked over 7½ hours a day or 37½ hours a week. This award shall be limited to those employees listed as on the payroll of the Headquarters Garage Unit on October 1, 1969. *Henceforth the Headquarters Garage Unit personnel will be returned to a 7½ hour day, 37½ hour week with overtime for hours* worked thereafter." (Emphasis supplied.) Thereafter, respondent moved to confirm the award, and appellant moved to vacate or modify the award and the resulting judgment produced this appeal. While several issues are raised on this appeal, one fundamental issue is dispositive. The arbitrator had before him the propriety of the action taken by appellant on September 30, 1969. The terms of his award, however, go beyond the date of the contract of July 15, 1970 and are inconsistent with its contractual provisions allowing for a 40-hour week. Thus, it is clear the arbitrator exceeded the powers given to him and, in effect, made a new contract for the parties. This he cannot do (CPLR 7511, subd. [b],

par. 1, cl. [iii]; .8 Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 7511.18; *Matter of National Cash Register Co. [Wilson]*, 8 N Y 2d 377). Accordingly, the award herein should be modified by limiting the overtime compensation for the 14 employees of Headquarters Garage Unit to the period of time from October 1, 1969 through July 14, 1970. Judgment reversed, on the law, without costs; appellants' motion granted to the extent of modifying the award by deleting the last sentence thereof, and, award, as so modified, confirmed. Herlihy, P. J., Staley, Jr., Cooke, Sweeney and Kane, JJ., concur.