OPINION OF THE COURT
Charles H. Cohen, J.
In this proceeding to confirm an arbitrator’s award, the question is presented as to whether the arbitrator had the power to award petitioner $350 in order to reimburse him for the fee of his expert witness who testified at the arbitration hearing held under the "no-fault law” with respect to a claim which arose in 1976. (Insurance Law, § 675.) Respondent opposed the confirmation of the award "as irrational and an abuse of power on the part of the arbitrator.” See CPLR 7511 (subd [b], par 1, cl [iii]) providing that the court may vacate an award where the arbitrator "exceeded his power”. Respondent has also submitted a cross petition to vacate the award. (The balance of the award, which included a payment of an attorney’s fee, has been paid and is not at issue).
At the outset, the court notes petitioner’s claim that the respondent’s cross petition seeking to vacate the award is not timely for the reason that it was not made within 90 days after its delivery to him. (CPLR 7511, subd [a].) Petitioner, it is noted, does not state when such delivery took place. In any event, this claim will not preclude the court from making a *697 determination as to the merits of the petition since "All grounds for vacating an award may be urged in opposition to the motion to confirm the award.” (Matter of Katz [Uvegi], 18 Misc 2d 576, 583, affd 11 AD2d 773; see Matter of Brody [Zlatin], 259 App Div 720; see, also, Thornton, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR 7510, p 588.)
The statute makes no specific provision with respect to an award based upon witness fees paid to an expert, although from the nature of claims made for first-party benefits the service of an expert witness will often be necessary. Yet, specific provision is made for the payment of an "attorney’s reasonable fee.” This would seem to indicate an intention on the part of the Legislature to allow no other expenses to be awarded in accordance with the maxim "expressio unius est exclusio alteráis.” (Wallace v Swinton, 64 NY 188, 194.) An irrefutable inference must be drawn that by omitting to make provision for the payment of fees of expert witnesses, the Legislature intended that there should be no award for such fees. (Patrolmen’s Benevolent Assn. of City of N. Y. v City of New York, 41 NY2d 205, 208.) See, also, Vidra v Shoman (59 AD2d 714, 715-716) and Sanders v Rickard (51 AD2d 260, 262) applying this maxim under the "no-fault law” relating to the definition of "serious injury” in the statute (Insurance Law, § 671) as it then existed.
Petitioner’s contention that the fee of an expert witness is embraced within the term "attorney’s reasonable fee” cannot be sustained. The fee of an expert witness is not an expense which is incidental to an attorney’s fee. It is not in the same category as a small filing fee which might, perhaps, be regarded as incidental to an attorney’s fee. The court notes that there is authority determining that the fee of an expert witness is not allowable as a disbursement for the reason that "If allowed, the precedent would draw after it the expense of every preparation for trial and open the door to a flood of evil.” (Mark v City of Buffalo, 87 NY 184, 189; see, also, Hempstead Bank v Ryan, 42 AD2d 779.)
While the disallowance of an award for expert witness fees will in many cases decrease the net amount recovered by first-party claimants, it must be assumed that this was what was intended by the Legislature. Apparently, the Legislature was reluctant to permit the recovery of the amount of the fees of expert witnesses. It is interesting to note that upon revising *698 the statute in 1977 (L 1977, ch 892) no change was made to include any fees other than the "attorney’s reasonable fee”, but an amendment was made with respect to the attorney’s fees subjecting such fees "to limitations promulgated by the superintendent in regulations.” Further, it was stated that an award "may be vacated or modified by a master arbitrator”, and provision was made for trial de novo "where the amount of such master arbitrator’s award is five thousand dollars or greater”. It would appear that the Legislature has shown a desire to limit rather than expand the authority of the arbitrators.
The court recognizes that the arbitrators have had broad authority in making a determination with respect to an attorney’s reasonable fee. (Matter of Country-Wide Ins. Co. [Barrios], 43 NY2d 685; Matter of Simmons [Government Employees Ins. Co.], 59 AD2d 468.) However, the authority must exist before the arbitrator may act. Here, the arbitrator had no authority to act at all with respect to the making of an award for the fee of an expert witness. Thus, he exceeded his power. Under such circumstances, this award cannot stand. (CPLR 7511, subd [b], par 1, cl [iii]); Matter of Civil Serv. Employees Assn. [Bixby], 43 AD2d 651; see Pavilion Cent. School Dist. v Pavilion Faculty Assn., 51 AD2d 119, 122; cf. Matter of Gastworth [Merchants Mut. Ins. Co.], NYLJ, July 3, 1978, p 6, col 6.)
Accordingly, the application to confirm the arbitrator’s award is denied.