■ SPORT BROKERAGE CORP., Respondent-Appellant, v STEPHEN P. FELDMAN et al., Appellants-Respondents.—In an action to recover insurance brokerage fees, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Robbins, J.), dated December 7, 1984, as, upon granting their motion to vacate a default judgment, conditioned vacatur upon the payment of costs of $2,000 to the plaintiff's attorney within a specified time, and the plaintiff cross-appeals from so much of the same order as granted the defendants' motion to vacate the default judgment.

Order affirmed, without costs or disbursements. No opinion. The defendants' time to comply with the condition requiring the payment of costs of $2,000 to the plaintiff's counsel is extended until 20 days after service upon them of a copy of the order to be made hereon, with notice of entry. Lazer, J. P., Bracken, Brown, Lawrence and Kooper, JJ., concur.

■ STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Appellant, v FIREMAN'S FUND INSURANCE COMPANY, Respondent.—In a proceeding pursuant to CPLR article 75 to confirm an arbitration award, the petitioner appeals from so much of an order of the Supreme Court, Nassau County (Lockman, J.), dated May 29, 1985, as modified the amount of the award to $3,450.

Order affirmed insofar as appealed from, with costs.

Where the award rendered by an arbitrator exceeds allowable insurance limits, the insurer's remedy is to move to modify the award (see, Matter of Nationwide Mut. Ins. Co. [Miller], 95 AD2d 961). Although an aggrieved party has only 90 days in which to move to vacate or modify an award (CPLR 7511 [a]), said party may choose not to make a motion and raise the objection when the victor moves to confirm the award (see, Matter of Katz [Uvegi], 18 Misc 2d 576, 583, affd 11 AD2d 773; Morris v Government Employees Ins. Co., 95 Misc 2d 696, 697, affd 106 Misc 2d 448, revd on other grounds 81 AD2d 880; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, C7511:1, C7510:1). Accordingly, Special Term acted properly in modifying the amount of the award. Mangano, J. P., Gibbons, Weinstein, Eiber and Spatt, JJ., concur.