**LOCAL 802, ASSOCIATED MUSICIANS OF GREATER NEW YORK,**
Petitioner–Appellee,

v.

**The PARKER MERIDIEN HOTEL,**
Respondent–Appellant.

No. 97–7436.

United States Court of Appeals, Second Circuit.

Argued March 12, 1998.

Decided May 22, 1998.

Robert M. Schanzer, New York City, for Respondent–Appellant.

Harvey S. Mars, New York City, for Petitioner–Appellee.

Before: CARDAMONE, WALKER, and MAGILL,* Circuit Judges.

MAGILL, Circuit Judge:

The Parker Meridien Hotel (Parker Meridien) appeals the district court's grant of judgment in favor of Local 802, Associated Musicians of Greater New York (Union), on the Union's petition to confirm an arbitration award. The district court held that Parker Meridien was time-barred from challenging the arbitrator's jurisdiction to enter the award and that Parker Meridien had admitted the damages pleaded in the Union's complaint. Because we hold that Parker Meridien was time-barred from challenging the arbitrator's jurisdiction, but hold that the district court should have allowed Parker Meridien to amend its answer to challenge the amount of damages, we affirm in part, reverse in part, and remand.

## I.

In 1994, the Union, on behalf of several musicians, filed a demand for arbitration against Parker Meridien, alleging that Parker Meridien had failed to pay the musicians in accordance with a collective bargaining agreement between Parker Meridien and the Union. Parker Meridien did not appear at a March 1995 arbitration hearing, but advised the arbitrator in writing that it objected to the arbitrator's jurisdiction. In June 1996, after the unsuccessful conclusion of settlement negotiations, the Union requested that the arbitrator resume the arbitration. Parker Meridien again refused to take part, objecting in writing to the arbitrator's jurisdiction.

On June 24, 1996, the arbitrator issued an award in favor of the Union, requiring Parker Meridien to make certain payments, including back pay, to those musicians who had performed at the Parker Meridien. The arbitrator retained jurisdiction to resolve any dispute concerning the number of musicians entitled to relief and the total amount of damages. Parker Meridien refused to abide by the award, but did not seek to vacate it. Ninety-one days later, on September 24, 1996, the Union filed a petition to confirm the award in the United States District Court for the Southern District of New York. The Union pleaded total damages of $63,470.01, based on the number of musicians who were entitled to damages. In its answer, filed on October 25, 1996, Parker Meridien pleaded as an affirmative defense that the arbitrator lacked jurisdiction, and, in what appears to be a typographical error, admitted to the Union's calculation of total damages.[1]

---

* The Honorable Frank Magill, Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

1. Parker Meridien's answer, which stated that it "[a]dmits as set forth in *paragraph 15* that Arbitrator Wittenberg issued a decision," Answer to Pet. ¶ 8 (Oct. 25, 1996) (emphasis added), *reprinted in* App. A79, should have referred to *paragraph 14* of the complaint, which discussed Arbitrator Wittenberg's decision. Paragraph 15 of the complaint stated that "[t]he Union has calculated that the total amount of [damages] is $63,-470.01." Verified Pet. to Confirm ¶ 15 (Sept. 6, 1996), *reprinted in* App. A9. The next paragraph in Parker Meridien's answer stated that it "[d]e-

nies the allegations contained in *paragraph 16* except denies knowledge or information sufficient to form a belief as to whether the Union calculated damages or the basis for such a calculation." Answer to Pet. ¶ 9 (emphasis added), *reprinted in* App. A79. It seems clear that here Parker Meridien intended to refer to *paragraph 15* of the complaint, because it would make no sense as a response to *paragraph 16* of the complaint, which merely recited that a copy of the arbitrator's award was mailed to Parker Meridien and that Parker Meridien had failed to comply with the award.

The district court granted the Union's petition to confirm the arbitration award. The court held that Parker Meridien's affirmative defense was time-barred because Parker Meridien failed to move to vacate the award within three months of the award's issuance, as was required under § 12 of the Federal Arbitration Act (FAA), 9 U.S.C. § 12 (1994). In the alternative, the district court held that Parker Meridien waived the jurisdiction defense by failing to properly preserve its objection to the arbitrator's exercise of jurisdiction. The district court went on to award the Union damages in the amount requested, based on Parker Meridien's inadvertent admission. Parker Meridien immediately sought to amend its answer to contest the damages calculation, but its motion was denied. This appeal followed.

## II.

■ In reviewing a district court's decision confirming an arbitration award, we "accept[ ] findings of fact that are not 'clearly erroneous' but decid[e] questions of law *de novo.*" *ConnTech Dev. Co. v. University of Conn. Educ. Properties, Inc.,* 102 F.3d 677, 686 (2d Cir.1996) (alterations in original) (internal quotation marks omitted) (quoting *First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 948, 115 S.Ct. 1920, 131 L.Ed.2d 985 (1995)).

■ On appeal, Parker Meridien argues that the district court erred in applying § 12 of the FAA instead of the statute of limitations provision of New York Civil Practice Law and Rules (CPLR) 7511(a), which has been interpreted by the New York judiciary to allow the untimely assertion of affirmative defenses to motions to confirm arbitration awards. We agree that the district court erred in applying § 12 of the FAA rather than CPLR 7511(a), but reject Parker Meridien's argument that federal courts must also incorporate New York's judicial interpretations of CPLR 7511(a).

■ Section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185 (1994), provides federal courts with jurisdiction over petitions brought to confirm labor arbitration awards. *See Harry Hoffman Printing, Inc. v. Graphic Communications, Int'l Union, Local 261,* 912 F.2d 608, 612 (2d Cir.1990). Because Congress did not provide a statute of limitations for suits brought under § 301, this Court determines the statute of limitations for the federal cause of action by looking to the most appropriate state statute of limitations. *Id.*

■ "When a federal court borrows a state statute of limitations ... the court is not applying state law; it is applying federal law." *Hemmings v. Barian,* 822 F.2d 688, 689 (7th Cir.1987). Thus, "it is the duty of the federal courts to assure that the importation of state law will not frustrate or interfere with the implementation of national policies." *Occidental Life Ins. Co. v. EEOC,* 432 U.S. 355, 367, 97 S.Ct. 2447, 53 L.Ed.2d 402 (1977). Further, because state law is utilized only to "close interstices in federal law[,] ... when it is necessary for us to borrow a statute of limitations for a federal cause of action, we borrow no more than necessary." *West v. Conrail,* 481 U.S. 35, 39–40, 107 S.Ct. 1538, 95 L.Ed.2d 32 (1987).

■ For enforcement of arbitration awards pursuant to a collective bargaining agreement, this Court has held that CPLR 7511(a) provides the most appropriate New York state statute of limitations. *See Harry Hoffman Printing,* 912 F.2d at 609, 612. CPLR 7511(a) provides that

[a]n application to vacate or modify an [arbitration] award may be made by a party *within ninety days after its delivery to him.*

N.Y. C.P.L.R. 7511(a) (McKinney 1980) (emphasis added). In interpreting CPLR 7511(a), New York state courts have held that a defendant who fails to timely challenge an arbitration award may still assert affirmative defenses challenging the award's enforceability. *See, e.g., State Farm Mut. Auto. Ins. Co. v. Fireman's Fund Ins. Co.,* 121 A.D.2d 529, 529, 504 N.Y.S.2d 24 (2d Dep't 1986). Parker Meridien argues that we should apply this common law interpretive rule and permit Parker Meridien to challenge the arbitrator's jurisdiction as an affirmative defense. We disagree.

The rule suggested by Parker Meridien would be at loggerheads with the role of arbitration in the LMRA. This Court has rejected Parker Meridien's suggested rule of interpretation as applied to the FAA because it conflicts with the "underlying purposes of the arbitration mechanism." *Florasynth, Inc. v. Pickholz,* 750 F.2d 171, 176 (2d Cir. 1984). The *Florasynth* Court reasoned:

> The role of arbitration as a mechanism for speedy dispute resolution disfavors delayed challenges to the validity of an award. Thus, when a party to an arbitration believes that he has been prejudiced in the proceedings by behavior that the [FAA] condemns he must bring a motion to vacate within the allotted time. When the three month limitations period has run without vacation of the arbitration award, the successful party has a right to assume the award is valid and untainted, and to obtain its confirmation in a summary proceeding.

*Id.* at 177 (citation omitted). This reasoning applies to arbitration of LMRA labor disputes just as surely as it does to arbitration under the FAA, and Parker Meridien fails to articulate a reason why it needed more than the ninety days provided in CPLR 7511(a) to challenge the award.

The Seventh Circuit came to a similar conclusion when, in determining the LMRA arbitration limitations period, it rejected a Wisconsin interpretive rule, identical to New York's, that the statutory ninety-day limitation period for vacating an arbitration award did not apply when the grounds for vacating were raised as an affirmative defense in response to a petition to affirm. *See Teamsters Local No. 579 v. B & M Transit, Inc.,* 882 F.2d 274, 276–78 (7th Cir.1989). The Seventh Circuit reasoned:

> We specifically stated ... that "a defendant's failure to move to vacate [an] arbitration award within the prescribed time period for such a motion precludes it from seeking affirmative relief in a subsequent action to enforce the award." This holding is intended to enhance the speed and effectiveness of arbitration, to provide fair review of the arbitrator's decision, and to preclude the losing party from dragging

out proceedings in order to dilute the integrity of the arbitration award.

*Id.* at 277 (citation omitted). We find this reasoning compelling.

■ The New York courts have placed a gloss on the limitations statute that is inimical to the important federal interests of promoting resolution of labor conflicts quickly and effectively through arbitration. Because we "borrow no more than necessary" from the analogous New York statute of limitations, *West,* 481 U.S. at 39–40, 107 S.Ct. 1538 we reject the gloss placed on the limitations statute by New York courts. Instead, we hold that grounds for vacating an arbitration award may not be raised as an affirmative defense after the period provided in the appropriate statute of limitations governing applications to vacate an arbitration award has lapsed (in New York's case, ninety days). Accordingly, Parker Meridien's affirmative defenses were time-barred. In light of this disposition, we need not consider the issue of whether the district court properly determined that Parker Meridien waived its jurisdictional defense by failing to properly preserve its objections to arbitration.

### III.

■ Parker Meridien next argues that the district court abused its discretion in refusing to allow it to amend its answer to correct what appears to be a typographical error. We agree.

■ "[L]eave to amend pleadings should be freely given when justice requires...." *Browning Debenture Holders' Comm. v. DASA Corp.,* 560 F.2d 1078, 1086 (2d Cir.1977). Nonetheless, the trial judge's discretion is broad, and its exercise depends upon many factors, including

> undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.

*Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962).

Justice weighs heavily in favor of permitting Parker Meridien to correct a typographical error in its answer that, if uncorrected, gives Parker Meridien no opportunity to challenge the Union's damage calculation. The district court denied Parker Meridien's motion because of delay and undue prejudice to the Union. However, the record fails to reveal any delay, insofar as Parker Meridien moved to correct the typographical error by amending its answer as soon as the error was unearthed in the district court's ruling. Additionally, the Union will not be prejudiced by having to prove damages because the Union would have been required to prove them had it not been for the typographical error.

We conclude that the district court abused its discretion in refusing to allow Parker Meridien to amend its answer. We remand this case to the district court so that Parker Meridien can amend its answer. If Parker Meridien's amended answer disputes the total damages calculated by the Union, the district court should submit the damage calculation to the arbitrator, who specifically retained jurisdiction in the event of a dispute over the total damage calculation.