**LOCAL UNION NO. 38, Sheet Metal Workers' International Associates, Plaintiff–Appellee,**

v.

**Joseph ANDERSHONIS, dba Total Kitchen Services, Defendant–Appellant.**

No. 02–7587.

United States Court of Appeals, Second Circuit.

Dec. 13, 2002.

John J. Leo, Huntington, NY, for Appellant.

Jeffrey S. Dubin, Huntington, NY, for Appellee.

PRESENT: Hon. JOHN M. WALKER, JR., Chief Judge, Hon. OAKES, and Hon. RAGGI, Circuit Judges.

## SUMMARY ORDER

THIS SUMMARY ORDER WILL NOT BE PUBLISHED IN THE FEDERAL REPORTER AND MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY TO THIS OR ANY OTHER COURT, BUT MAY BE CALLED TO THE ATTENTION OF THIS OR ANY OTHER COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the United States Courthouse, Foley Square, in the City of New York, on the 13th day of December, two thousand and two.

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be and it hereby is AFFIRMED.

Defendant-appellant Joseph Andershonis appeals from the district court's Corrected Judgment of April 24, 2002 and its Memorandum and Order dated August 27, 2001 which granted summary judgment for Local Union No. 38 ("Local 38") in Local 38's suit to collect on two default judgments. On appeal, Andershonis argues that the district court should not have granted summary judgment because (1) Local 38's complaint was not filed within one year of the arbitration award; (2) Local 38 did not have an agreement with Andershonis; (3) Local 38 failed to file timely grievances; and (4) Local 38 failed to sue the proper defendant. We review the district court's grant of summary judgment *de novo*.

Andershonis's first argument fails because the present lawsuit is to collect on two 1998 default judgments from the Southern District of New York that confirmed the two arbitration awards for Local 38; it is not a suit to confirm the arbitration awards themselves.

Andershonis's second and third arguments fail because Andershonis lost his right to contest the arbitration award on

the basis of either the existence of an agreement or the timeliness of the filing of grievances when he failed to challenge the award within the 90–day statute of limitations period borrowed from New York State law. *See Local 802, Assoc. Musicians of Greater N.Y. v. Parker Meridien Hotel,* 145 F.3d 85, 88 (2d Cir.1998) (holding that under § 301 of the Labor Management Relations Act the appropriate statute of limitations in New York is the 90–day period of N.Y. C.P.L.R. 7511(a)).

Finally, Andershonis appears to renew his argument before the district court that there is a material issue of fact regarding whether Total Kitchen Services, Inc. and Total Kitchen Services are a single employer. We disagree. First, Andershonis does not claim that he was not on notice of any of the actions. Second, we agree with the district court that, in this circumstance, Andershonis cannot escape his debt to Local 38 simply because Local 38 added "Inc." to the name Total Kitchen Services in its pleadings before the arbitration panel and in its first action in district court to confirm the arbitration award. *See Datskow v. Teledyne, Inc. Continental Prods. Div.,* 899 F.2d 1298, 1301–02 (2d Cir.1990) (holding that plaintiffs' complaint sufficiently alerted defendant that it was being sued, even though complaint identified defendant as "Teledyne Inc." rather than "Teledyne Industries, Inc.").

For the reasons set forth above, the judgment of the district court is hereby AFFIRMED.