**DISTRICT COUNCIL 1707, American Federation of State, County, and Municipal Employees, AFL–CIO, Local 205, Plaintiffs–Appellees,**

v.

**HOPE DAY NURSERY, INC., Defendant–Appellant.**

No. 06–0325–cv.

United States Court of Appeals, Second Circuit.

May 4, 2007.

Lendsey H. Jones, New York, NY, for Appellant.

Thomas M. Murray, Kennedy, Jennik, & Murray, New York, NY, for Appellees.

PRESENT: Hon. AMALYA L. KEARSE, Hon. ROBERT D. SACK, Circuit Judges, Hon. RICHARD MILLS, District Judge.*

### SUMMARY ORDER

Hope Day Nursery, Inc., appeals from a January 5, 2006 judgment of the United States District Court for the Southern District of New York granting the plaintiffs' motion to confirm and denying the defendant's cross-motion to vacate two arbitration awards that (1) reinstated a discharged employee with back pay; and (2) instructed Hope Day Nursery to "cease and desist from hiring and/or assigning substitute teachers to work extra hours" before first offering those hours to qualified existing employees. We assume the parties' and counsel's familiarity with the facts and procedural history of this case.

■ The district court properly found that Hope Day Nursery's challenge to the first arbitration award was untimely. "[G]rounds for vacating an arbitration award may not be raised as an affirmative defense after the period provided in the appropriate statute of limitations governing applications to vacate an arbitration award has lapsed (in New York's case, ninety days)." *Local 802, Associated Musicians of Greater New York v. Parker Meridien Hotel,* 145 F.3d 85, 89 (2d Cir. 1998). The first arbitration award, dated January 20, 2005, was delivered to Hope

---

* The Honorable Richard Mills, of the United States District Court for the Central District of Illinois, sitting by designation.

Day Nursery by the American Arbitration Association "on or about January 26, 2005." *District Council 1707 v. Hope Day Nursery, Inc.*, No. 05 Civ. 3642(RMB), 2006 WL 17791, at *3 (S.D.N.Y. Jan. 3, 2006). Hope Day Nursery was therefore required to file its motion to vacate by April 26, 2005. Thus, its June 9, 2005 motion to vacate was untimely.

■ Hope Day Nursery challenges the second arbitration award as "a clear violation of the public policy of the State of New York." (Hope Day Nursery brief on appeal at 9.) While a court may "refus[e] to enforce an arbitrator's award under a collective-bargaining agreement because it is contrary to public policy," such a refusal "is limited to situations where the contract as interpreted would violate some explicit public policy that is well defined and dominant, and is to be ascertained by reference to the laws and legal precedents and not from general considerations of supposed public interests." *United Paperworkers Int'l Union, AFL–CIO v. Misco, Inc.*, 484 U.S. 29, 42–43, 108 S.Ct. 364, 98 L.Ed.2d 286 (1987) (internal quotation marks omitted). Hope Day Nursery has not pointed to a "well defined and dominant" public policy that would be violated by enforcement of the collective bargaining agreement's requirement that Hope Day Nursery offer any extra work to "qualified, permanent, part-time employees" before offering the work to substitute teachers.

We note that Hope Day Nursery's appeal is arguably moot, inasmuch as it conceded at oral argument that it no longer exists as a corporate entity. In light of the fact that the record is silent as to defendant's current status either as a corporate entity or as a contractor for the City of New York, however, we decline to rest our decision on mootness grounds.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.