**TIFFANY (NJ) INC., Tiffany and Company, Plaintiffs,**

v.

**eBAY, INC., Defendant.**

**No. 04 Civ. 4607(RJS).**

United States District Court,
S.D. New York.

Nov. 9, 2007.

H. Peter Haveles, Jr., James B. Swire, Arnold & Porter, LLP, New York City, for Plaintiffs.

Bruce S. Meyer, Robert Bruce Rich, Weil, Gotshal & Manges LLP, New York City, for Defendant.

## MEMORANDUM AND ORDER

RICHARD J. SULLIVAN, District Judge.

Defendant eBay, Inc. ("eBay") moves *in limine* to preclude Tiffany (NJ) Inc. and Tiffany and Company (collectively, "Tiffa-ny" or "Plaintiffs") from introducing evidence at trial concerning eleven Tiffany trademarks identified for the first time in Tiffany's Proposed Findings of Fact submitted on April 2, 2007. For the reasons that follow, the motion is granted.

■ In Tiffany's First Amended Complaint, Tiffany identifies seven trademarks at issue in this litigation (the "Core Marks"). In Tiffany's Proposed Findings of Fact, submitted well after discovery had closed and the Joint Pretrial Order had been filed, Tiffany identified an additional eleven trademarks (the "New Marks") and expressed its intention to seek damages with respect to these trademarks. Tiffany now argues that the New Marks have been included in the action from its inception, citing language from its First Amended Complaint suggesting that the original trademarks, "among many others," were at issue. (Am.Compl.¶ 12.) Tiffany further argues that its previous submissions, including the First Amended Complaint, the Pre–Trial Order, and the discovery in the case were adequate to put eBay on notice.

■ The Court disagrees. These submissions were inadequate to put eBay on notice of the New Marks. The purpose of notice pleading is to provide the defendant with "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). While notice pleading "relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims," *id.* at 512, 122 S.Ct. 992, Tiffany's use of the terms "including" and "among others" did not adequately put eBay on notice as to the New Marks.

■ As for Tiffany's argument that the course of discovery should have prepared

eBay for its expanded definition of the trademarks at issue, the record does not show that Tiffany identified the New Marks as infringed trademarks in its discovery. When Tiffany did reference the New Marks, it was in tandem with reference to the Core Marks. Furthermore, Tiffany consistently referred to the Core Marks as the subjects of the litigation. The discovery was simply not adequate to put eBay on notice of Tiffany's contention that the New Marks were the subject of this litigation. *See Media Sport & Arts v. Kinney Shoe Corp.*, No. 95–Civ–3901, 1999 WL 946354, at *6–7, 1999 U.S. Dist. LEXIS 16035, at *12–17 (S.D.N.Y. Oct. 19, 1999) (holding that exploration of issues in discovery is insufficient to put plaintiffs on notice and rejecting attempt to add issues to Pretrial Order as a "back door route" to amend pleadings).

Finally, Tiffany did not include the New Marks in its Pretrial Order. While a Pretrial Order is not an "inflexible straightjacket on the conduct of litigation," it is designed to insure the efficient resolution of cases and to minimize prejudicial surprise. *See Lamborn v. Dittmer*, 873 F.2d 522, 527 (2d Cir.1989). Tiffany should, at the very least, have noted their intent to litigate the New Marks in its Pretrial Order. General statements referring to Tiffany's many trademarks are inadequate to meet Tiffany's burden of placing the parties on notice of the claims involved in this particular case so as to allow the parties to prepare for trial. Accordingly, the Court finds that the First Amended Complaint, pretrial activity, discovery, and the Pretrial Order were insufficient to give adequate notice of the inclusion of the eleven new trademarks.

Moreover, it is plainly too late for Tiffany to amend its complaint to add these New Marks to the litigation. The Court recognizes that leave to amend should be "freely given when justice so requires." Fed.R.Civ.P. 15(a). However, "leave to amend is by no means automatic." *Gucci America Inc. v. Exclusive Imports Int'l, et al.*, No. 99–Civ–11490, 2001 WL 21253, at *6–7, 2001 U.S. Dist. LEXIS 67, at *18 (S.D.N.Y. Jan. 9, 2001) (citing *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)). Indeed, the district court has "broad" discretion, *Local 802, Associated Musicians v. Parker Meridien Hotel*, 145 F.3d 85, 89 (2d Cir.1998), "to deny leave to amend where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice the defendant." *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir.1990).

Tiffany waited until the very eve of the original trial date to add the New Marks— an "inordinate delay" by any measure. Tiffany proffers no satisfactory explanation for the delay, instead relying on the argument that there is no motion to amend the complaint because the original complaint was sufficient to put defendants on notice. As discussed earlier, this argument is unpersuasive.

Finally, it is clear that the inclusion of the New Marks in this litigation would prejudice the defendant. Discovery has long since concluded. Allowing Tiffany to amend its complaint at this point would substantially prejudice eBay by forcing eBay to proceed to trial without the benefit of investigating the merits of Tiffany's new infringement claims or, indeed, even whether the trademarks are registered to begin with. This Circuit has consistently found prejudice and denied amendments where discovery has already been completed. *See Grace v. Rosenstock*, 228 F.3d 40, 53–54 (2d Cir.2000); *Commander Oil Corp. v. Barlo Equip. Corp.*, 215 F.3d 321, 333 (2d Cir.2000); *Zahra v. Town of Southold*, 48 F.3d 674, 686 (2d Cir.1995); *Cresswell*, 922 F.2d at 72; *Cahill v. O'Don-*

*nell,* 75 F.Supp.2d 264, 279 (S.D.N.Y.1999). In short, to allow Tiffany to assert these eleven new trademark infringement claims at this late date would substantially prejudice eBay.

The Court rejects Tiffany's argument that judicial economy would be served by allowing Tiffany to assert infringement claims on the New Marks. The Court finds that the prejudice to the defendants outweighs any interest the Court has in judicial economy. Finally, as a practical matter, this ruling does not prevent Tiffany from introducing evidence of trademark infringement when the New Marks are used jointly with the Core Marks. It does, however, preclude Tiffany from introducing evidence of infringement of the New Marks alone.

Accordingly, the motion is GRANTED. The Clerk of the Court is directed to terminate the motion docketed at Document # 55.

SO ORDERED.