SUMMARY ORDER
Walter Drake appeals from a September 20, 2007, 2007 WL 2782525, order of the district court granting Norden Systems, Inc.’s (“Norden”) and United Technologies Corporation’s (“UTC”) Motion to Dismiss for Failure to Comply with the Court’s February 10, 2005 Order and denying his Motion for an Evidentiary Hearing. We assume the parties’ familiarity with the underlying facts, procedural history, and specification of issues for review.
This appeal is the second to this Court in this case alleging violations of the False Claims Act, 31 U.S.C. §§ 3729-3733. The first appeal concerned a similar matter, namely the district court’s dismissal, under Federal Rule of Civil Procedure Rule 41(b), of Drake’s complaint for failure to prosecute. We affirmed in part and reversed in part, and reinstated Drake’s complaint concluding that the district court abused its discretion because “we d[id] not agree that the circumstances were sufficiently egregious or that Drake’s actions were so contumacious as to warrant dismissal of his entire complaint.” Drake v. Norden Sys., Inc. (Drake I), 375 F.3d 248, 251 (2d Cir.2004). Following reinstatement, the district court again dismissed Drake’s complaint under Rule 41(b) for failure to comply with the court’s February 10, 2005 order, which ordered Drake to file a fourth amended complaint conforming to the district court’s and Second Circuit’s rulings.
We review the district court’s decision for abuse of discretion in light of the whole record. See Drake I, 375 F.3d at 254. “[A] district court abuses its discretion when its decision rests on an error of law (such as application of the wrong legal principle) or a clearly erroneous factual finding, or its decision — though not necessarily the product of a legal error or a clearly erroneous factual finding — cannot be located within the range of permissible decisions.” Wynder v. McMahon, 360 F.3d 73, 76 (2d Cir.2004) (quotation marks and alteration omitted). “Generally, appellate review for an abuse of discretion suggests great deference. In [the Rule 41(b) ] context, however, we have [repeatedly] recognized that dismissal is a harsh remedy and is appropriate only in extreme situations.” Lucas v. Miles, 84 F.3d 532, 535 (2d Cir.1996) (emphasis added); see also Drake I, 375 F.3d at 251; Colon v. Mack, 56 F.3d 5, 7 (2d Cir.1995); Jackson v. City of New York, 22 F.3d 71, 75 (2d Cir.1994); Merker v. Rice, 649 F.2d 171, 173 (2d Cir.1981).
[T]he correctness of a Rule 41(b) dismissal is determined in light of the record as a whole and in consideration of the following factors: (1) the duration of the plaintiffs failure to comply with the court order; (2) whether the plaintiff was on notice that failure to comply *3 would result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court’s interest in managing its docket with the plaintiffs interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal. Generally, no factor is dispositive.
Spencer v. Doe, 139 F.3d 107, 112-13 (2d Cir.1998) (citations omitted). In assessing the first prong of this test, the district court correctly noted that it must consider whether: (1) Drake caused the delay, and (2) whether the delays were of significant duration. It then concluded that Drake caused the delay by failing to file a fourth amended complaint that conformed to its February 10, 2005 order. In doing so, the district court identified three areas of non-conformance: (1) Drake’s addition of new claims, (2) Drake’s inclusion of previously dismissed allegations, and (3) Drake’s inclusion of claims barred by the statute of limitations.
Drake argues that the district court erred in making the above factual findings. We agree as to the district court’s findings regarding the addition of new claims and inclusion of previously dismissed allegations, and conclude that dismissal based on the inclusion of claims barred by the statute of limitations “though not necessarily the product of ... a clearly erroneous factual finding — cannot be located within the range of permissible decisions.” Wyn-der, 360 F.3d at 76 (quotation marks omitted). In sum, the district court abused its discretion because reviewing the record as a whole, Drake’s actions did not merit the extreme sanction of dismissal.
New Claims. We find clear error in light of the events preceding the insertion of the two new claims, both of which sought to impose a constructive trust on UTC. UTC, which had previously been dismissed as a defendant in the case, was the parent company to Norden, which became insolvent at some point prior to February 2005. After learning of Norden’s insolvency, on February 10, 2005, the district court ordered Drake to file a fourth amended complaint “not later than sixty days after [Drake] has determined, following discovery discussed at the chamber conference of February 8, 2005, that this case should go forward.” Four days later, Drake wrote to the court, copying opposing counsel, and reported that the parties agreed on the “likely time necessary for discovery concerning the issue of [UTC’s] (or some other entity’s) responsibility for any liability imposed on Norden in the above matter.” Following a September 21, 2005 status conference, the district court issued an order requiring Drake to file his fourth amended complaint by October 6, 2005. Drake did so and included the two claims seeking to make UTC liable. The record reflects that at no point did the district court order Drake to refrain from adding new claims seeking to impose liability on UTC.
In its decision, the district court acknowledged the absence of such an order and that there was discussion about the insertion of new claims, but dismissed that concern because “there was no agreement that the propriety of the assertion of new claims would not be challenged.” At the same time, the court acknowledged that at the time of its February 10, 2005 order, it was understood that the lawsuit could likely only proceed if Drake could transfer liability. Nonetheless, the court found nonconformance because, in its view, Drake 7’s affirmance of the district court’s dismissal of unclear claims on the rationale that an inability to ascertain the contours of those claims would prejudice defendants, also barred the addition of new *4 claims. We question whether this automatically follows, at least in the context of identifying sanctionable behavior, but in any event, find clear error because the district court’s actions following Drake I allowed Drake to reasonably believe that he would not fall afoul of the February 10, 2005 order by adding the new claims.[1]
Previously dismissed allegations. Though this finding causes us more pause, we again find clear error, particularly in view of the restraint that we have frequently advised district courts to exercise with regards to Rule 41(b) dismissals. It is true, as appellees point out, that Drake’s revised complaint contained multiple references to documents&emdash;disclosure statements, contracts, PRA reports, and UTC’s Financial Manual&emdash;that the court had previously held were not actionable under the FCA. More problematically, it included several catch-all paragraphs, which broadly alleged that all aforementioned documents, a statement that would include the barred documents, were actionable under the FCA.
Had the district court identified these catch-all paragraphs, and pinpointed them as the sole basis for its finding of noncon-formance, we would be less inclined to find error. However, the court’s finding of nonconformance focused differently. That finding recognized that Drake deleted references to the barred documents in his claims for relief. Notwithstanding, it found nonconformance based on its general finding that the complaint “repeatedly referenced] the [barred documents],” a deficit that was unexcused by Drake’s explanation that those references were inserted to establish scienter, and not as claims for payment, actionable under the FCA. The court found this explanation wanting because it interpreted its previous rulings as holding that the barred documents could not in any way form the “basis for an FCA claim,” including scienter. We think the district court’s previous decisions are more fairly read as holding that the barred documents were not, in and of themselves, claims for payment or false statements within the meaning of the FCA, and thus were not actionable within the statute’s provisions. Nowhere do those decisions address the question of scienter, which we note, without deciding, a plaintiff might reasonably believe can be established by reference to documents that are not themselves actionable. See 31 U.S.C. § 3729(b) (defining “knowing” and “knowingly” for the purposes of establishing scienter as meaning that a person, with respect to information: “(1) has actual knowledge of the information; (2) acts in *5 deliberate ignorance of the truth or falsity of the information; or (3) acts in reckless disregard of the truth or falsity of the information.”). We also note, without deciding, that a plaintiff might reasonably believe that references to the barred documents helped fulfill the pleading requirement imposed by Federal Rule of Civil Procedure 9(b), which requires that “a party must state with particularity the circumstances constituting fraud or mistake.” See Gold v. Morrison-Knudsen Co., 68 F.Sd 1475, 1477 (2d Cir.1995) (“[C]ourts routinely require FCA claims to comply with Rule 9(b)”). Thus, it was clear error for the district court to find sanctionable nonconformance based on the reasons it provided with respect to the barred documents.
Statute of limitations. We find no clear error since our review of the record confirms that Drake’s fourth amended complaint repeatedly referenced documents “submitted” on dates including “1987.” Though this nonconformance was likely a result of careless drafting, it was noncon-formance nonetheless.
Having found clear error in two out of three of the district court’s findings, we deem it prudent to reverse and reinstate Drake’s amended complaint. We do so not just because of these erroneous findings, but also because we believe that the district court’s second dismissal — without serious consideration of alternative sanctions — did not conform to our admonition in Drake I that dismissals under Rule 41(b) are tools of final resort. See Drake I, 375 F.3d at 251 (“[A Rule 41(b) dismissal is] one of the harshest sanctions at a trial court’s disposal, since it usually extinguishes the plaintiffs cause of action and denies plaintiff his day in court. As a result, it is reserved for use only in the most extreme circumstances.”). As in Drake I, “we do not agree that the circumstances were sufficiently egregious or that Drake’s actions were so contumacious as to warrant dismissal of his entire complaint.” Drake I, 375 F.3d at 251.
For the foregoing reasons, we VACATE the order of the district court dismissing Drake’s complaint for failure to comply with a court order, Fed.R.Civ.P. 41(b), and REMAND to the district court for proceedings not inconsistent with this opinion. Accordingly, we DISMISS AS MOOT Drake’s appeal of the denial of his Motion for an Evidentiary Hearing.

. While we express no views on the merits of the district court's argument that Drake's constructive trust claims in the amended complaint (1) may prejudice the defendants and "contravene Rule 9(b)'s purpose” and (2) are "well outside the statute of limitations,” we note that such concerns&emdash;while they do not support the district court's finding of sanctionable nonconformance with prior orders&emdash;might be an appropriate reason for the district court to exercise its discretion to deny Drake leave to amend the complaint with the constructive trust claims. See Local 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel, 145 F.3d 85, 89 (2d Cir.1998) (stating that when considering granting leave to amend the pleadings, "the trial judge's discretion is broad, and its exercise depends upon many factors, including undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.” (quotation marks omitted)); Cruz v. Coach Stores, Inc., 202 F.3d 560, 569 (2d Cir.2000) (noting that, in the context of opposing leave to amend, "a party cannot normally show that it suffered prejudice simply because of a change in its opponent’s legal theory" and "[ijnstead, a party's failure to plead an issue it later presented must have disadvantaged its opponent in presenting its case.”).