*Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. AMCC Indus., Inc.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of December, two thousand twenty-three.

PRESENT:

> JOSÉ A. CABRANES,
> RICHARD J. SULLIVAN,
> ALISON J. NATHAN,
> *Circuit Judges.*

———————————————————————————

TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, AND APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, TRUSTEES OF THE NEW YORK CITY CARPENTERS RELIEF AND CHARITY FUND, CARPENTER CONTRACTOR ALLIANCE OF METROPOLITAN NEW YORK, NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS,

*Petitioners-Appellees,*

v.                                                                                      No. 23-221

AMCC INDUSTRIES, INC.,

*Respondent-Appellant.*

———————————————————————————

**For Respondent-Appellant:**          Kevin Kerveng Tung, Kevin Kerveng Tung, P.C., Flushing, NY.

**For Petitioners-Appellees:**          Charles R. Virginia, Maura S. Moosnick, Virginia & Ambinder, LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Gregory H. Woods, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

AMCC Industries, Inc. ("AMCC") appeals from the district court's judgment confirming a default arbitration award against AMCC pursuant to a collective bargaining agreement. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

In reviewing a district court's decision to confirm an arbitration award, we review legal questions *de novo* and factual findings for clear error. *Nat'l Football League Mgmt. Council v. Nat'l Football League Players Ass'n*, 820 F.3d 527, 536 (2d Cir. 2016). Generally speaking, "a federal court's review of labor arbitration awards is . . . among the most deferential in the law." *Id.* at 532. A district court – and this

Court on appeal – "must simply ensure that the arbitrator was 'even arguably construing or applying the contract and acting within the scope of his authority' and did not 'ignore the plain language of the contract.'" *Id.* (quoting *United Paperworks Int'l Union v. Misco, Inc.*, 484 U.S. 29, 38 (1987)).

As an initial matter, AMCC argues that this Court does not have subject-matter jurisdiction to hear this case. We disagree. Under section 301 of the Labor Management Relations Act, 29 U.S.C. § 185, federal courts have subject-matter jurisdiction over petitions to confirm labor arbitration awards. *See Local 802, Associated Musicians of Greater N.Y. v. Parker Meridien Hotel*, 145 F.3d 85, 88 (2d Cir. 1998). Here, there can be no question that (1) the arbitrator issued an award pursuant to a labor contract and (2) Petitioners sought to confirm that award before the district court. Nothing more is required to establish subject-matter jurisdiction.

AMCC next contends that the district court erred in concluding that (1) AMCC was bound by the Independent Building Construction Agreement (the "IBCA") and (2) the arbitrator calculated its award based on the terms of this agreement. But AMCC failed to raise these arguments before the arbitrator and district court and is precluded from asserting them for the first time on appeal. *See*

3

*New York ex rel. Schneiderman v. Actavis PLC*, 787 F.3d 638, 662 (2d Cir. 2015).  Put simply, where a party "'fail[s] to make the timely assertion of a right' when procedurally appropriate," that argument is forfeited on appeal.  *United States v. Graham*, 51 F.4th 67, 80 (2d Cir. 2022) (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)), *cert. denied*, 143 S. Ct. 1754 (2023).

Here, Petitioners' notice of intention to arbitrate and the arbitrator's notice of arbitration hearing were sent to AMCC.  Nevertheless, despite this "legally sufficient notice," AMCC filed no appearance and made no "request for an adjournment or extension of time to appear" in the arbitration.  J. App'x at 209.  Moreover, before the district court, "AMCC did not [initially] appear or file a response to [the Petitioners'] motion for summary judgment, despite being properly served with the complaint, motion, and all relevant filings."  Sp. App'x at 7.  And while "[c]ounsel for AMCC [eventually] entered an appearance" and submitted a two-page letter as its opposition brief in the district court, *id.*, this letter never raised these two arguments AMCC now presents on appeal.  J. App'x at 249–50.  Nor did AMCC provide affidavits, a statement under Rule 56.1 of the Local Civil Rules of the United States District Courts for the Southern and Eastern Districts of New York, or "competent evidence of any type" challenging the reach

4

of the IBCA or the manner in which the arbitrator calculated the award. Sp. App'x at 7–8. In light of this procedural history, we "will not consider . . . issue[s]" that AMCC "raised for the first time on appeal." *Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994) (citing *Singleton v. Wulff,* 428 U.S. 106, 120 (1976)).

As it turns out, the only issue preserved for appeal – since it was raised in AMCC's two-page letter to the district court – pertains to AMCC's contention that the district court should have remanded the case so that the arbitrator could have considered a potential award in a separate, then-pending arbitration that *may have* involved the same subject matter. But AMCC has offered no authority, and we are aware of none, suggesting that the district court, or the arbitrator for that matter, were somehow obliged to consider the circumstances relating to a different arbitration than the one pending before them. We therefore observe no error in the district court's findings that the other "arbitration referenced by counsel for [AMCC] ha[d] not been placed before the [c]ourt," that "no settlement ha[d] been reached with respect to the matters presented in this matter," and that "all amounts owed by AMCC pursuant to the Award remain[ed] due." Sp. App'x at 11 n.3 (alterations and internal quotation marks omitted).

We have considered AMCC's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court